Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| GLADYS NIEVES FRESES<br><br>Recurrida<br><br>v.<br><br>RANGER AMERICAN, Y OTROS<br><br>Peticionario | KLCE202500457 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso núm.: CA2023CV03868 (407)<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 18 de junio de 2025.

Comparece ante este tribunal apelativo, Ranger American of Puerto Rico, LLC (Ranger American o parte peticionaria) mediante el recurso de *certiorari* de epígrafe solicitándonos que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI), el 24 de marzo de 2025, notificada el 27 de marzo siguiente. Mediante este dictamen, el foro primario declaró *No Ha Lugar* a la solicitud de sentencia sumaria instada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, determinamos expedir el auto de *certiorari* solicitado y revocar el dictamen recurrido. En consecuencia, ordenamos desestimar la demanda incoada en contra de Ranger American.

### I.

El 4 de diciembre de 2023, la Sra. Gladys Nieves Freses (señora Nieves Freses o la recurrida) presentó una demanda sobre daños y perjuicios en contra de Ranger American y otros codemandados de nombres desconocidos. En esta, se alegó que,

mientras la señora Nieves Freses salía de Sam's Club, ubicado en Plaza Escorial del pueblo de Carolina, un empleado de Ranger American la empujó arrojándola de manera violenta al piso. Se indicó, además, que al momento de los hechos los representantes de la parte peticionaria estaban realizando las funciones de seguridad. Por tanto, reclamó daños físicos por $80,000, más $20,000 en angustias mentales.

El 9 de febrero de 2024, Ranger American contestó la demanda en la que alegó que ninguno de sus empleados empujó a la recurrida, sino que se tropezó con uno de estos al caminar por detrás de él. Por lo que, precisó que no se cometió acto u omisión alguno que le haga responsable ante la señora Nieves Freses. Asimismo, incluyó múltiples defensas afirmativas.

Luego de varios trámites procesales, innecesarios detallar, el TPI dio por terminado el descubrimiento de prueba, y el 7 de enero de 2025, Ranger American incoó una *Moción en Solicitud de Sentencia Sumaria al Amparo de la Regla 36.3 de Procedimiento Civil*.[1] En esta, propuso dieciséis (16) hechos que, a su entender, no están en controversia, los que permiten resolver el caso por la vía sumaria.[2] Incluyó como anejo la transcripción de la deposición tomada a la recurrida. En especial, se advierte que la señora Nieves Freses admitió no vio a la guardia de Ranger American hacer el gesto de empujarla o agredirla ni que le haya metido el pie. Tampoco que esta haya observado qué causó su caída.

La señora Nieves Freses se opuso al petitorio desestimatorio. En el escrito, esta admitió varios de los hechos sugeridos por Ranger American y expresó que sintió que le metieron el pie y que la guardia la empujó con los pies. Además, formuló cinco (5) hechos

---

[1] Véase, Apéndice del Recurso, a la pág. 55.
[2] *Íd.*, a las págs. 56-61.

incontrovertidos.[3] Entre estos, expuso que el pie derecho de María Rivera está envuelto en la caída según el Reporte Diario de 22 de agosto de 2023 suscrito por esta.[4] Por ello, expresó que el foro primario debe celebrar un juicio en su fondo para adjudicar credibilidad, ya que existe controversia de cómo y por qué ocurre la caída. Máxime cuando existe una admisión de la guardia de Ranger American.

Anejó a la petición el Reporte Diario del 22 de agosto de 2023, y la *Contestación al Primer Pliego de Interrogatorio y Producción de Documentos* e hizo referencia a la Deposición de la recurrida incluida en la solicitud de sentencia sumaria instada por Ranger American.

Así, y analizados los escritos, el 24 de marzo de 2025 el TPI emitió la *Resolución* recurrida en la que denegó la solicitud de resolver el caso sumariamente. La misma se notificó el 27 de marzo siguiente. En este dictamen, el foro primario esbozó veinte (20) hechos incontrovertidos, así como estableció dos (2) en controversia.[5] Respecto a estos últimos, el foro *a quo* indicó que están en controversia lo siguiente: la causa de la caída de la recurrida y si es atribuible a la empleada de Ranger American y si existen daños por dicha caída y la relación causal.

Asimismo, el TPI razonó que "tal cual fue mencionado, cómo ocurrió la caída, en este momento procesal, no puede ser determinado. Ello es el hecho esencial de la presente demanda. Por tanto, estamos impedidos de disponer por la vía sumaria".[6]

Inconforme, la parte peticionaria acude ante esta *Curia* imputándole al foro de primera instancia haber incurrido en el siguiente error:

> PRIMER ERROR: INCIDIÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE CAROLINA, AL NEGARSE A

---

[3] *Íd.*, a la pág. 184.
[4] *Íd.*
[5] *Íd.*, a las págs. 2-4.
[6] *Íd.*, a la pág. 5

PROVEER LA DESESTIMACIÓN SUMARIA SOLICITADA, CUANDO LAS ADMISIONES DE LA DEMANDANTE EVIDENCIAN QUE LA PRUEBA ES INSUFICIENTE PARA SUSTENTAR SUS ALEGACIONES, Y QUE SE CAE POR CAMINAR SIN MIRAR HACIA DONDE LO HACÍA.

El 29 de abril de 2025, emitimos una *Resolución* en la que concedimos el término de diez (10) días a la parte recurrida para expresarse. Transcurrido en exceso dicho plazo, sin haber presentado la oposición la parte recurrida, decretamos perfeccionando el recurso y resolvemos sin el beneficio de su comparecencia.

Así pues, analizados el escrito de la parte peticionaria y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

## II.

### El auto de *certiorari*

La Regla 52.1 de las de Procedimiento Civil, (32 LPRA Ap. V, R. 52.1), establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre, entre otros, de la denegatoria de una moción de carácter dispositivo. Sin embargo, aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, previo a ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, (4 LPRA Ap. XXII-B, R. 40), se justifica nuestra intervención, pues distinto al recurso de apelación, este tribunal posee discreción para expedir el auto el *certiorari. García v. Padró,* 165 DPR 324, 334 (1999). Por supuesto, esta discreción no opera en el vacío y en ausencia de parámetros que la dirija. *I.G. Builders et al. v. BBVAPR,* 185 DPR

307, 338-339 (2012); *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).

Precisa recordar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. (citas omitidas)". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). Así pues, se ha considerado que la discreción se nutre de un juicio racional cimentado en la razonabilidad y en un sentido llano de justicia y "no es función al antojo o voluntad de uno, sin tasa ni limitación alguna. (citas omitidas)". *Íd.* A estos efectos, la Regla 40 de nuestro Reglamento, *supra*, enmarca los criterios que debemos considerar al momento de determinar si procede que expidamos el auto discrecional de *certiorari*. *I.G. Builders et al. v. BBVAPR*, supra. Dicha regla establece lo siguiente:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En síntesis, la precitada regla exige que, como foro apelativo, evaluemos si alguna de las circunstancias enumeradas anteriormente está presente en la petición de *certiorari*. De estar alguna presente, podemos ejercer nuestra discreción e intervenir con el dictamen recurrido. De lo contrario, estaremos impedidos de expedir el auto, y por lo tanto deberá prevalecer la determinación del foro recurrido. Además, es norma trillada que un tribunal apelativo no intervendrá con las determinaciones discrecionales de un

tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009). También, los criterios antes transcritos sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008).

**Mecanismo de Sentencia Sumaria**

En nuestro ordenamiento jurídico, el mecanismo de la sentencia sumaria está gobernado por la Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36, la cual autoriza a los tribunales a dictar sentencia de forma sumaria si, mediante declaraciones juradas u otro tipo de prueba, se demuestra la inexistencia de una controversia sustancial de hechos esenciales y pertinentes. *Soto y otros v. Sky Caterers,* 2025 TSPR 3, 215 DPR ___ (2025); *Cruz, López v. Casa Bella y otros,* 213 DPR 980, 993 (2024). Específicamente, la Regla 36.1, 32 LPRA Ap. V, R. 36.1, atiende la solicitud de este tipo de disposición a favor de la parte reclamante en un pleito, mientras que la Regla 36.2, 32 LPRA Ap. V, R. 36.2, permite su petición a favor de la parte contra la que se reclama. En ambas reglas se establece lo siguiente:

> **Regla 36.1. A favor de la parte reclamante**
>
> Una parte que solicite un remedio podrá presentar, ..., una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada.
>
> **Regla 36.2. A favor de la parte contra quien se reclama**
>
> Una parte contra la cual se haya formulado una reclamación podrá presentar, ..., una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación.

Entretanto, la Regla 36.3, 32 LPRA Ap. V, R. 36.3, dispone los requisitos de contenido de la moción de sentencia sumaria y de la contestación a esta, entre otras particularidades del procedimiento. Estos requisitos, como los párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, no son un mero formalismo, ni constituye un simple requisito mecánico sin sentido. *SLG Zapata-Rivera v. J.F. Montalvo,* supra, a la pág. 434 (2013).

En un primer plano, mediante el uso del mecanismo discrecional de la sentencia sumaria, se aligera la tramitación de un caso, puesto que, ante la ausencia de controversia de hechos, al tribunal solo le corresponde aplicar el derecho. *Oriental Bank v. Perapi et al.,* 192 DPR 7, 25 (2014). Así, sirve para propiciar la solución justa, rápida y económica de los litigios civiles que no presentan controversias genuinas de hechos materiales y que, por lo tanto, no requieren la celebración de un juicio en su fondo, ya que lo único que resta es dirimir una o varias controversias de derecho. *Íd.*

Este tipo de resolución procede en aquellos casos en los que no existen controversias **reales y sustanciales** en cuanto a los **hechos materiales y, por lo tanto, lo único que resta es aplicar el derecho**. *Consejo Tit. v. Rocca Dev. Corp.*, et als., 2025 TSPR 6, 215 DPR ___, (2025); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109 (2015). La precitada Regla 36 de las de Procedimiento Civil, *supra*, dispone, en esencia, que para permitir este tipo de adjudicación resulta necesario que, de las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas y cualquier otra evidencia surja de que no existe controversia real y sustancial respecto a ningún hecho esencial y pertinente; y en adición, que se deba dictar sentencia sumaria como cuestión de derecho. *Consejo Tit. v. Rocca Dev. Corp.,*

*et als.,* supra; *Meléndez González et al. v. M. Cuebas*, supra, a la pág. 109. En este sentido, solo procede dictarla cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el derecho aplicable y que el tribunal cuenta con la verdad de todos los hechos necesarios para resolver la controversia. *Meléndez González et al. v. M. Cuebas*, supra, a las págs. 109-110.

Es decir, por un lado, al promovente de la moción le toca establecer su derecho con claridad y demostrar que no existe controversia en cuanto a ningún hecho material, o sea ningún componente de la causa de acción. *Íd.*, a la pág. 110. Por el otro, al oponente le corresponde establecer que existe una controversia que sea real en cuanto a algún hecho material y, en ese sentido, no cualquier duda es suficiente para derrotar la solicitud de sentencia sumaria. *Íd.* Cabe recordar que, en este contexto, un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Íd.* Mas específicamente, el oponente debe controvertir la prueba presentada y no debe cruzarse de brazos; pues de lo contrario, se expone a que se acoja la solicitud de sentencia sumaria y se le dicte en contra. *Ramos Pérez v. Univisión,* 178 DPR 200, 214-215 (2010). Esto significa que está obligado a contestar de forma detallada y específica aquellos hechos pertinentes que demuestran la existencia de una controversia real y sustancial que requiere dilucidarse en un juicio. *Íd.*, a la pág. 215. En este ejercicio, debe presentar declaraciones juradas o documentos que pongan en controversia los hechos alegados por el promovente, recordando que tampoco puede descansar en meras alegaciones, sino que debe proveer evidencia sustancial de los hechos materiales en disputa. *Íd.*

No obstante, no oponerse a la solicitud de sentencia sumaria no implica ni que procederá dictarla obligatoriamente, si existe una

controversia legítima sobre un hecho material, ni que corresponderá dictarla a favor de su proponente si no procede en derecho. *Íd.*

Ahora bien, se han establecido ciertas reglas limitantes de la discreción en el uso de la moción de sentencia sumaria. Por un lado, la determinación en cuanto a esta debe guiarse por un principio de liberalidad a favor de la parte que se opone, lo cual persigue evitar la privación del derecho de todo litigante a su día en corte cuando existen controversias de hechos legítimas y sustanciales que deben ser resueltas. *Íd.*, a las págs. 216-217. Por el otro, como norma general, los tribunales están impedidos de dictar sentencia sumaria en cuatro instancias: (1) cuando existan hechos materiales y esenciales controvertidos; (2) cuando hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) cuando de los propios documentos que acompañan la moción surge que existe una controversia sobre algún hecho material y esencial; o (4) cuando como cuestión de derecho no procede. *Oriental Bank v. Perapi*, supra, a las págs. 26-27. Dicho esto, cabe indicar que la moción de sentencia sumaria no está excluida en ningún tipo de pleito, puesto que, sin importar cuán complejo sea un pleito, puede dictarse si de una moción de sentencia sumaria bien fundamentada surge que no hay controversia sobre hechos materiales. *Meléndez González et al. v. M. Cuebas*, supra, a la pág. 112.

En lo relativo al ejercicio de la facultad revisora de este Tribunal de Apelaciones, sobre la procedencia de la sentencia sumaria, **debemos utilizar los mismos criterios que el Tribunal de Primera Instancia**. *Meléndez González et al. v. M. Cuebas*, supra, a la pág. 115. En *Meléndez González,* el Tribunal Supremo consignó el siguiente estándar:

> "Primero, reafirmamos lo que establecimos en *Vera v. Dr. Bravo, supra,* a saber: el Tribunal de Apelaciones se encuentra en la misma posición del Tribunal de Primera Instancia al momento de revisar Solicitudes de Sentencia Sumaria. En ese sentido, está regido por la

Regla 36 de Procedimiento Civil, *supra*, y aplicará los mismos criterios que esa regla y la jurisprudencia le exigen al foro primario. Obviamente, el foro apelativo intermedio estará limitado en cuanto a que no puede tomar en consideración evidencia que las partes no presentaron ante el Tribunal de Primera Instancia **y tampoco adjudicar los hechos materiales en controversia, ya que ello le compete al foro primario luego de celebrado un juicio en su fondo**. La revisión del Tribunal de Apelaciones es de *novo* y debe examinar el expediente de la manera más favorable hacia la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor.

Segundo, por estar en la misma posición que el foro primario, el Tribunal de Apelaciones debe revisar que tanto la Moción de Sentencia Sumaria como su Oposición **cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civi**l, supra, y discutidos en *SLG Zapata-Rivera v. J.F. Montalvo*, supra.

Tercero, **en el caso de revisión de una Sentencia dictada sumariamente**, el Tribunal de Apelaciones **debe revisar si en realidad existen hechos materiales en controversia**. De haberlos, el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos. Esta determinación se puede hacer en la Sentencia que disponga del caso y puede hacer referencia al listado numerado de hechos incontrovertidos que emitió el foro primario en su Sentencia.

Cuarto y, por último, de encontrar que los hechos materiales realmente están incontrovertidos, el foro apelativo intermedio procederá entonces a revisar de *novo* si el Tribunal de Primera Instancia **aplicó correctamente el Derecho a la controversia**". (Énfasis nuestro). *Meléndez González et al. v. M. Cuebas*, supra, a las págs. 118-119.

Esta norma ha sido reiterada año tras año por nuestro Tribunal Supremo, en donde ha establecido que los foros apelativos nos encontramos en la misma posición que los foros de primera instancia al evaluar la procedencia de una **sentencia sumaria**. *Soto y otros v. Sky Caterers*, supra; *Cruz, López v. Casa Bella y otros*, supra; *Birriel Colón v. Econo y otro*, 213 DPR 80, 91-92 (2023). Sin embargo, nuestra función se limita a: (1) considerar los documentos que se presentaron ante el foro de primera instancia; (2) determinar si existe alguna controversia genuina de hechos materiales y esenciales, y (3) comprobar si el derecho se aplicó de forma correcta. *Íd.* Cónsono a ello, también se ha establecido que los tribunales

revisores estamos llamados a examinar el expediente *de novo* de la manera más favorable hacia la parte que se opone a la solicitud de sentencia sumaria en el foro primario y realizando todas las inferencias permisibles a su favor. *Soto y otros v. Sky Caterers*, supra; *Birriel Colón v. Econo y otro, supra, a las págs. 91-92.*

Por su parte, y pertinente a la controversia ante nuestra consideración, como es sabido, existen dos (2) modalidades de sentencia sumaria: la primera, que se dicta a base de documentos ofrecidos por el promovente que demuestran que no existe controversia real de hechos y procede aplicar el derecho; y la segunda, **por insuficiencia de prueba**. Esta última se presenta luego de realizarse un adecuado, apropiado y completo descubrimiento de prueba, donde se determine que **la prueba existente no es suficiente para sustentar las alegaciones de la demanda y, por ende, procede desestimarla**. *Ramos Pérez v. Univisión*, supra, a la pág. 213; *Medina v. M. S. & D química P.R., Inc.*, 135 DPR 716, 732 (1994). En cuanto a esta modalidad, nuestro más alto foro ha expresado que el promovido puede derrotarla demostrándole al tribunal que no ha podido realizar un descubrimiento de prueba adecuado. *Pérez v. El Vocero de P.R.,* 149 DPR 427,449 (1999); *García Rivera et al. v. Enríquez*, 153 DPR 323, 340 (2001).

Es menester reafirmar que, a esta modalidad de sentencia sumaria por insuficiencia de la prueba, le son aplicables todas las normas y los principios que tradicionalmente deben utilizarse por los tribunales al entender en una moción de sentencia sumaria. *Medina v. M. S. & D química P.R.,* Inc., supra, a la pág. 734. De esta manera, cuando exista duda sobre si hay o no prueba suficiente o si hay una controversia de hecho, debe resolverse en favor de la parte promovida. *Íd.* En ese sentido, solo se concederá la moción de sentencia sumaria para desestimar una reclamación cuando el

promovente haya demostrado claramente que de la prueba ofrecida por la otra parte no puede probar, por lo menos, un elemento esencial indispensable para su caso. *Íd.*, a la pág. 732.

**Daños y perjuicios**

En nuestro ordenamiento jurídico, lo concerniente a la responsabilidad civil extracontractual, se rige por las disposiciones estatuidas en nuestro código civil y su jurisprudencia. Con relación a ello, el Artículo 1536 del Código Civil de Puerto Rico 2020, 31 LPRA sec. 10801, dispone que la persona que por culpa o negligencia cause daño a otra, viene obligada a repararlo. *Inmob. Baleares et al. v. Benabe et al.*, 2024 TSPR 112, 214 DPR ___ (2024). Para que prospere una reclamación por daños y perjuicios, al amparo del referido precepto legal, se requiere la concurrencia de tres elementos, los cuales tienen que ser probados por la parte demandante: (1) el acto u omisión culposa o negligente; (2) la relación causal entre el acto u omisión culposa o negligente y el daño ocasionado; y (3) el daño real causado al reclamante. *Inmob. Baleares et al. v. Benabe et al.*, supra; *Nieves Díaz v. González Massas*, 178 DPR 820 (2010).

El acto culposo o negligente se define como la falta del debido cuidado, según la figura de la persona de prudencia común y ordinaria. *López v. Porrata Doria*, 169 DPR 135, 150-151 (2006); *Gierbolini v. Employers Fire Ins. Co.*, 104 DPR 853, 860 (1976). Sobre la culpa, el más alto foro ha reiterado que consiste en no anticipar las consecuencias racionales de un acto u omisión. *López v. Porrata Doria*, supra; *Toro Aponte v. E.L.A.*, 142 DPR 464, 473 (1997). En cambio, la responsabilidad civil extracontractual producida por omisiones negligentes surge cuando el "[a]legado causante del daño quebranta un deber impuesto o reconocido por ley". *Hernández Vélez v. Televicentro*, 168 DPR 803, 813 (2006). En ese sentido, debemos tener presente que entre ese acto culposo o negligente y el

daño causado se debe establecer un nexo causal adecuado. *Sucn. Mena Pamias et al. v. Meléndez et al.*, 212 DPR 758, 768 (2023); *Pérez et al. v. Lares Medical et al.,* 207 DPR 965, 976-977 (2021).

El daño constituye el menoscabo material o moral que sufre una persona, ya sea en sus bienes vitales naturales, en su propiedad o en su patrimonio, causado en contravención a una norma jurídica y por el cual ha de responder otra persona. En nuestro ordenamiento jurídico se reconoce la existencia de dos tipos de daños: los especiales, conocidos como daños físicos, patrimoniales, pecuniarios o económicos, y los generales, conocidos como daños morales. *Nieves Díaz v. González Massas*, supra, a la pág. 845.

Por último, en nuestro ordenamiento jurídico, ha sido reiterada en variadas ocasiones la doctrina de causalidad adecuada, la cual establece que no es causa toda condición sin la cual no se hubiera producido el resultado, sino la que ordinariamente lo produce según la experiencia general. *Sucn. Mena Pamias et al. v. Meléndez et al.*, supra, a la pág. 768; *Pérez et al. v. Lares Medical et al.,* supra, a las págs. 976-977. Este concepto de la causa postula, además, que la ocurrencia del daño que da base a la reclamación era previsible dentro del curso normal de los acontecimientos. *López v. Porrata Doria,* supra, a la pág. 152.

**III.**

En esencia, la parte peticionaria señaló que erró el TPI al negarse a desestimar la demanda en su contra. Esto debido, a que la evidencia resulta insuficiente para sustentar las alegaciones. Adelantamos que le asiste la razón. Veamos.

Evaluado el recurso ante nuestra consideración, precisa expresar que el asunto que se pretende revisar está comprendido entre los asuntos interlocutorios que podemos revisar discrecionalmente por vía del *certiorari,* al amparo de la Regla 52.1 de las de Procedimiento Civil, *supra.* Asimismo, están presentes los

criterios que ameritan nuestra intervención según la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

Del análisis del expediente ante nuestra consideración, advertimos que la moción solicitando sentencia sumaria y su oposición cumplen con los requisitos de forma exigidos por el ordenamiento jurídico procesal. Por tanto, a tenor con el estándar de revisión sobre la procedencia de una petición de sentencia sumaria, como foro apelativo, debemos revisar si en realidad existen hechos materiales en controversia. Asimismo, de encontrar que los hechos materiales realmente están incontrovertidos, se procederá entonces a revisar de *novo* si el Tribunal de Primera Instancia **aplicó correctamente el derecho a la controversia.** Por ello, somos del criterio que el TPI no tenía impedimento para resolver por la vía sumaria las cuestiones planteadas.

Así pues, de la revisión de *novo* no cabe duda de que el foro primario abusó de su discreción al no desestimar la demanda de autos. Ello, debido a que no existen hechos incontrovertidos que ameriten la celebración de un juicio y de los mismos surge que la recurrida carece de evidencia suficientemente en derecho para imputar un acto negligente a Ranger American.

Precisa señalar, como expusimos, que la modalidad de sentencia sumaria por insuficiencia de prueba aplica a este caso, ya que la solicitud se presentó una vez culminado el descubrimiento de prueba según decretó el foro primario en la *Minuta* de la vista sobre *Conferencia con Antelación al Juicio* celebrada el 16 de diciembre de 2024. Asimismo, de dicho descubrimiento de prueba se determina que **la prueba existente no es suficiente para sustentar las alegaciones de la demanda y, por ende, procede desestimarla**.

En ese aspecto, advertimos de entrada que, de las propias determinaciones de hechos incontrovertidos formuladas por el TPI en la *Resolución* recurrida, surgen los elementos para razonar que

la señora Nieves Freses carece de prueba suficiente en derecho para sustentar las alegaciones de negligencia en contra de Ranger American. Específicamente, nos referimos a las siguientes:[7]

> ...
>
> 10. La demandante no vio a la guardia de Ranger mientras caminaba, porque iba hablando con un empleado de Sam's.
>
> 11. La demandante no puede establecer cómo estaba parada la guardia de Ranger, porque caminaba mirando al frente o al muchacho con el que hablaba.
>
> 12. La demandante admite que no vio a la guardia hacer el gesto de empujarla.
>
> 13. La demandante tuvo una caída.
>
> 14. La demandante tampoco vio a la guardia de Ranger al momento en que se cae.
>
> 15. **La demandante nunca vio a la guardia de Ranger meterle el pie.**
>
> 16. **La demandante no vio que causó su caída**.
>
> 17. **La demandante no vio los pies de la oficial de Ranger en ningún momento**.
>
> 18. **La demandante nunca vio a la guardia de Ranger hacer gesto alguno ni de empujarla ni de agredirla**.
> ... (Énfasis nuestro)

Por tanto, de lo antes transcrito, resulta forzoso concluir que, contrario a lo decretado por el foro recurrido en la *Resolución* objetada, no existen hechos medulares en controversia que impidan resolver el asunto por la vía sumaria. Además, no podemos obviar que dichas determinaciones de hechos resultan ser declaraciones que la señora Nieves Freses expresó en la deposición que le fuera tomada y, más aún, esta admitió su corrección y exactitud en la oposición al pedido sumario desestimatorio instado por Ranger American.[8]

Por ende, no existe controversia sobre la causa de la caída y si es atribuible a la guardia, María Rivera, de Ranger American según estableció el foro *a quo*. Sobre este punto, resulta importante

---

[7] Véase, Apéndice del Recurso, a la pág. 3. Notas al calce omitidas.
[8] Véase, Apéndice del Recurso, a las págs. 58-61 y 183-184.

destacar que, en la oposición a sentencia sumaria incoada por la recurrida ante el TPI, esta argumentó que para determinar la negligencia se tendría que dirimir credibilidad por lo que era improcedente resolver el pleito sumariamente. A su vez, planteó que "sí pudo *sentir* cuando le metieron los pies y que estando en el piso pudo determinar que fueron los de María Rivera por la localización de esta. Hecho que no está en controversia por la admisión de parte de la guardia de Ranger".[9]

Sin embargo, dicho argumento resulta ser totalmente contradictorio con lo declarado por la recurrida en la deposición tomada, según reseñamos. Es decir, no nos encontramos ante un escenario donde corresponda dirimir la credibilidad de un testigo si lo que está atendido y adjudicado son las expresiones de la señora Nieves Freses quien admitió su veracidad. Además, respecto al argumento de la admisión de la oficial de Ranger American debemos remitirnos al Reporte Diario el 22 de agosto de 2023, en el que se indica, entre otros asuntos, que "la Dama procede a pisar por la parte posterior de mi persona tropezando con el tal[ó]n de mi tenis derecho, perdiendo el [b]alance logrando estabilizar mi peso. La dama pierde el [b]alance ca[y]endo al suelo poniendo sus manos".[10] De un análisis sobre lo expresado, no se crea una controversia de hechos materiales que amerite la celebración de un juicio. Ello, máxime, cuando de lo expuesto por la oficial Rivera, en dicho documento, de ninguna manera, controvierte los hechos incontrovertidos medulares basados en las declaraciones de la señora Nieves Freses, antes detalladas.

Recordemos que al oponente de una solicitud de sentencia sumaria le corresponde establecer que existe una controversia que sea real en cuanto a algún hecho material y, en ese sentido, no

---

[9] *Íd.*, a la pág. 191.
[10] *Íd.*, a la pág. 201.

cualquier duda es suficiente para derrotar la solicitud de sentencia sumaria. *Meléndez González et al. v. M. Cuebas*, supra. Enfatizamos que un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. Lo que, como explicamos ampliamente, no ocurrió.

De otro lado, advertimos que, en una acción de daños y perjuicios al amparo del Artículo 1536 del Código Civil de 2020, *supra,* se requiere la concurrencia de tres elementos, los cuales tienen que ser probados por la parte demandante: (1) **el acto u omisión culposa o negligente**; (2) la relación causal entre el acto u omisión culposa o negligente y el daño ocasionado; y (3) el daño real causado al reclamante. *Inmob. Baleares et al. v. Benabe et al.*, supra; *Nieves Díaz v. González Massas*, supra. Por lo que, conforme a todo lo antes explicado, reiteramos que la señora Nieves Freses no cuenta con la evidencia adecuada en derecho para demostrar el acto culposo o negligente alegadamente cometido por la empleada de American Ranger. Nuevamente enfatizamos que la recurrida admitió que, aunque tuvo una caída, **no vio qué causó la misma ni observó a la oficial Rivera empujarla o agredirla, y solamente <u>supone</u> que fue por haberse tropezado con los pies de la oficial Rivera**. Esto, resultan ser meras alegaciones que no tienen respaldo en evidencia fehaciente de lo imputado como acto culposo o negligente en contra de la parte peticionaria. Tampoco se puede probar que hubo una falta de cuidado por parte de Ranger American al no anticipar ni prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente habría de prever en tales circunstancias. *Montalvo v. Cruz*, 144 DPR 748, 755 (1998).

Por ello, recalcamos que la pretensión de la señora Nieves Freses de intentar imputar negligencia a Ranger American porque **sintió** que la empujaron, le metieron el pie o por la inferencia de la posición que estaban los pies de la oficial Rivera al caer al suelo, no

satisface la carga probatoria exigida diáfanamente por nuestro ordenamiento jurídico. Tampoco cumple el simple hecho de lo expresado por la oficial Rivera en el Reporte Diario, ya que no se quebranta un deber si una persona, que va hablando con otro sin mirar hacia el frente, es decir hacia dónde camina, y sin prestar atención, tropieza con el talón del transeúnte que está al frente. Esto, como sucedió aquí.

En *Torres v. Municipio de Mayagüez*, 111 DPR 158, 163 (1981), nuestro Tribunal Supremo dictaminó que, si bien un peatón no está obligado a constantemente ir mirando hacia la superficie, ciertamente debe evitar el caminar ajeno a aquellas situaciones visibles a su perspectiva visual.

En fin, reiteramos que el foro primario incurrió en un abuso de discreción y se equivocó en la interpretación o aplicación del derecho. Por lo que, nuestra intervención oportuna en esta etapa del pleito evita un perjuicio sustancial en contra de la parte peticionaria.

**IV.**

Por los fundamentos antes expuestos, se expide el auto de *certiorari* solicitado y revocamos el dictamen recurrido. En consecuencia, acogemos la *Moción en Solicitud de Sentencia Sumaria al Amparo de la Regla 36.3 de Procedimiento Civil* instada por la parte peticionaria y ordenamos desestimar la demanda incoada en contra de Ranger American.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones